UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 17cr4360 WQH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| DALE ROBERT POMO, | |
| Defendant. | |

HAYES, Judge,

The matter before the Court is the motion to reduce sentence under 18 U.S.C. § 3582(c)(1) (ECF No. 59) filed by the Defendant.

**FACTS**

On December 4, 2018, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 24 months for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841 and 846 and a consecutive 60 months for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendant has served less than two years of his sentence and is scheduled to be released on December 16, 2024.

Medical records indicate Defendant has a rare form of neurofibromatosis called schwannomatosis, chronic kidney disease, and heart disease. The Center for Disease

1

17cr4360 WQH

Control places individuals at Defendant's age with Defendant's known conditions at increased risk of serious illness from COVID-19. In May 2020, there was a severe outbreak of COVID-19 at FCI Lompoc where Defendant is housed and Defendant tested positive for COVID-19.

On November 4, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court resentence him to time served, with a term of home confinement added to his supervised release. Defendant asserts that his incarceration at FCI Lompoc places him at risk of infection with COVID-19. Defendant asserts that the severe outbreak of COVID-19 at FCI Lompoc earlier this year demonstrates his risk of infection. Defendant asserts that he remains at risk of serious illness or death should he become infected with the disease again.

Plaintiff United States agrees that Defendant is suffering from a serious medical condition that in the context of COVID-19 substantially diminishes his ability to provide self-care within the environment of a correctional facility. Plaintiff United States asserts that serving less than two years of his seven year sentence would not satisfy the §3553(a) factors based upon the seriousness of his offenses. Plaintiff United States further asserts that significant measures to contain the COVID-19 outbreak at FCI Lompoc that occurred in April and May 2020 have been successful in containing the virus.

**RULING OF THE COURT**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). However, a narrow exception in § 3582(c)(1)(A) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > …
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> > (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> > (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1.  Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

>    (A) Medical Condition of the Defendant.--
>    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>    (ii) The defendant is--
>    (I) suffering from a serious physical or medical condition,
>    (II) suffering from a serious functional or cognitive impairment, or
>    (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13.  The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons.  This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 84 months in the custody of the Bureau of Prisons after entering a plea of guilty to Count 1 conspiracy to distribute methamphetamine and Count 2 possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  Defendant admitted in the Plea Agreement the following facts were true and undisputed:

>    1. Beginning on a date unknown, and continuing up to and including November 19, 2017, there was an agreement between defendant and other persons to distribute methamphetamine by picking up the methamphetamine in Mexico, driving it into the United States and then delivering it to another person in the United States.
>    2. Defendant became a member of the conspiracy knowing that its object was to distribute methamphetamine, a Schedule II Controlled Substance, or some

> other federally controlled substance.
> 3. In furtherance of the conspiracy:
>    a. On or about November 19, 2017, defendant knowingly and intentionally drove a vehicle into the Otay Mesa, California Port of Entry (POE), in the Southern District of California.
>    b. Concealed within the vehicle that the defendant drove into the POE was 4.6 kilograms (10.27 pounds) of methamphetamine, which is a distributable amount of methamphetamine.
>    c. At the time the defendant drove to the POE, defendant knew that the vehicle contained methamphetamine or some other federally controlled substance.
> 4. Defendant further agrees that the conspiracy involved at least 50 grams (to wit: approximately 4.6 kilograms (10.27 pounds)) of a mixture and substance containing a detectable amount of methamphetamine. That federally controlled substance and quantity fell (1) within the scope of defendant's agreement with co-conspirators and (2) was reasonably foreseeable and in furtherance of the conspiracy.
> 5. Defendant owned a KAHR .380 caliber pistol bearing serial number RE0189 and knowingly carried it during the course of the conspiracy. On November 19, 2017, the pistol was in the center console of defendant's vehicle. Defendant let at least one of his co-conspirators know that he carried the pistol with him during the conspiracy.

Plea Agreement (ECF No. 36 at 4-5). Defendant stated in support of the plea that he understood that the penalty for Count 2 knowingly carrying the firearm in relation to the crime of conspiracy to distribute methamphetamine was a "mandatory minimum of 5 years which must run consecutive to any term of imprisonment imposed" for Count 1 conspiracy to distribute methamphetamine. *Id*. at 5.

The Presentence Report detailed Defendant's significant health issues, including his diagnosis with schwannomatosis in 2010, prior to any criminal activity in this case. The Presentence Report concluded that the guideline range for Count 1 was 135 to 168 months and recommended a sentence of 84 months on Count 1 consecutive to a sentence of 60 months on Count 2 for a total sentence of 144 months. Applying the factors under 18 U.S.C. § 3553(a), the Court granted a significant departure and sentenced the Defendant to

the custody of the Bureau of Prisons for 84 months. The Court concluded that this was the minimum sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a).

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id*.

These factors weigh against reducing the Defendant's sentence to time served in light of the significant departure applied by the Court at the time of sentencing and the seriousness of the offenses. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed. Reducing this Defendant's sentence to time served would produce an unwarranted disparity among similarly situated defendants and fail to afford adequate deterrence to criminal conduct. The Court concludes that serving less than two years of the 84 month sentence imposed would not be consistent with any of the factors under § 3553(a) and any applicable policy statement issued by the Sentencing Commission.

The record demonstrates that Defendant continues to receive treatment for his existing conditions. Chronic conditions, such as schwannomatosis, chronic kidney disease, and heart disease, that can be managed in prison are not a sufficient basis for compassionate release. Defendant has recovered from COVID-19 and there is no evidence to demonstrate that the treatment he continues to receive is not adequate. The facts presented in this record show Bureau of Prisons modified operational plans in April and May 2020 to address the

risk of COVID-19 transmission and the outbreak at FCI Lompoc. As of November 12, 2020, the number of infections at FCI Lompoc where Defendant is housed was 1 inmate and one staff member currently infected with 789 recovered. BOP Coronavirus website: www.bop.gov/coronavirus/. As of December 14, 2020, there were no inmates or staff positive at FCI Lompoc. *Id.* The Court finds that the application of the § 3553(a) factors weigh strongly against reducing Defendant's sentence to time-served and finds that compelling reasons do not warrant such a reduction under § 3582(c).

IT IS HEREBY ORDERED that the motion for an order granting compassionate release (ECF No. 59) is denied.

Dated: December 14, 2020

Hon. William Q. Hayes
United States District Court